In re Fernando R. ALVAREZ, Debtor.

Fernando R. Alvarez, Plaintiff,

v.

Johnson, Blakely, Pope, Bokor, Ruppel And Burns, P.A., a Florida Corporation, Defendant.

Bankruptcy No. 91–15749–8P7.
Adversary No. 96–780.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 9, 1998.

R. Michael DeLoach, Brandon, FL, for Plaintiff.

Edward M. Waller, Victoria D. Critchlow, Tampa, FL, for Defendant.

Lauren P. Johnson, Seminole, FL, Chapter 7 Trustee.

Meininger & Meininger, Tampa, FL, for Trustee.

## ORDER ON MOTION FOR REHEARING AND RECONSIDERATION OF JULY 2, 1998 ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFF'S MOTION FOR DETERMINATION OF OWNERSHIP OF CHOSE IN ACTION IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT (DOC. # 29)

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon Defendant, Johnson, Blakely, Pope, Bokor, Ruppel and Burns, P.A.'s (Johnson, Blakely) Motion for Rehearing and Reconsideration of July 2, 1998 Order on Defendant's Motion for Judgment on the Pleadings and Plaintiff's Motion for Determination of Ownership of Chose in Action. The Court, in its Order, held that the claims of the Debtor, originally asserted in the State Court action which was removed to this Court, are not properties of the Chapter 7 estate. The Court reviewed the Motion and the record and heard argument of counsel and based on the undisputed facts as they appear from the record which are relevant to the Motion under consideration finds as follows:

On December 6, 1991, Fernando R. Alvarez (Debtor), represented by Johnson, Blakely, filed his Petition for Relief under Chapter 7 of the Bankruptcy Code. During the pendency of his Chapter 7 case, the Chapter 7 Trustee made a decision to sell rather than pursue certain causes of action against the Defendants, and sold the cause of action to the highest bidder with this Court's approval. The Debtor claimed that pursuing the cause of action would have resulted in a favorable judgment in an amount much larger than the proceeds of the sale of the cause of action and, in turn, would have produced a surplus after satisfying all allowed claims.

The Debtor contends that the decision to file Chapter 7, which enabled the estate assets to be in the hands of the Chapter 7 Trustee who in turn sold the cause of action, resulted in damages, i .e. the Debtor's loss of potential surplus funds. As a result, the instant adversary proceeding was commenced on July 2, 1996, when the Debtor filed a Complaint against Johnson, Blakely in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 96–4420, alleging in part that Johnson, Blakely committed legal malpractice by filing the Debtor's bankruptcy case under Chapter 7 rather than Chapter 11 and that the decision to file Chapter 7 caused him damages. The adversary proceeding was removed to this Court on August 1, 1996. In due course, Johnson, Blakely filed its Answer, Defenses, and Counterclaim.

On May 8, 1998, Johnson, Blakely filed a Motion for Judgment on the Pleadings, contending that the Debtor's claim is property of the estate and not property of the Debtor and/or that pursuant to Fed:R.Bankr.Pro. 7019 the Chapter 7 Trustee is an indispensable party who the Debtor failed to join. In turn, the Debtor filed a Motion for Determination of Ownership of Chose in Action, seeking a determination by this Court of what part, if any, of the Debtor's claims are property of the estate and whether the Chapter 7 Trustee has standing to participate in this action as a proper or indispensable party.

On July 2, 1998, this Court entered an Order and held that under Florida law, the accrual of a negligence action is measured from the time the injuries are sustained and not from the time the full extent of the damages sustained have been ascertained. With respect to each of the claims that (1) Johnson, Blakely negligently filed the Petition under Chapter 7; (2) Johnson, Blakely negligently failed to seek the timely conversion of the case to a case under Chapter 11; (3) Johnson, Blakely failed to administer the bankruptcy case; and (4) Johnson, Blakely demanded the Debtor to sign a waiver and release in exchange for continued representation, this Court found that the damages sustained, if any, occurred post-petition. Therefore, this Court held that causes of action accrued post-petition and are not property of the estate.

Johnson, Blakely now seeks the reconsideration of the July 2, 1998 Order based not on newly discovered evidence, but on the contention that this Court committed an egregious legal error which this Court should

correct and should not compel the Johnson Blakely to seek redress through the appeal process.

 The ultimate question is whether any of the Debtor's four claims against Johnson, Blakely are property of the estate. Clearly, with respect to the Debtor's claim that Johnson, Blakely negligently failed to seek the timely conversion of the case to a case under Chapter 11, all elements of the Debtor's claim occurred after the commencement of the Chapter 7 case. Equally, all elements of the Debtor's claim that Johnson, Blakely failed to administer the bankruptcy case occurred post-petition for the simple reason that pre-petition there was no bankruptcy estate to administer. The Debtor's claim that Johnson, Blakely demanded that the Debtor sign a waiver and release in exchange for continued representation is alleged to have taken place post-petition and, therefore, the Debtor's claim regarding this occurrence accrued post-petition.

The only claim which questionably could have accrued pre-petition is the Debtor's claim that Johnson, Blakely failed to select the proper chapter for relief under the Bankruptcy Code. The mere filing of the Chapter 7 case, however, did not trigger or inflict any damages at the time of the commencement of the case. Rather, the triggering event which resulted in damages is the Chapter 7 trustee's sale rather than prosecution of the Debtor's claims. No damages were sustained prior to the commencement of the case and, therefore, the Debtor's causes of action accrued post-petition. *Trizec Properties, Inc. v. Biltmore Construction Co., Inc.*, 767 F.2d 810 (11th Cir.1985). This Court, having reconsidered the July 2, 1998 Order, finds that the Order should be affirmed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that upon reconsideration, this Court's Order on Defendant's Motion for Judgment on the Pleadings and Plaintiff's Motion for Determination of Ownership of Chose in Action entered on July 2, 1998 be, and the same is hereby affirmed.